No. ____

# IN THE
# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

In re DAVID ANTHONY RUNYON,
*Petitioner*

From the United States District Court
for the Eastern District of Virginia

*United States v. Runyon,* No. 4:08-cr-00016
(The Honorable Rebecca Beach Smith)

## PETITIONER'S MOTION TO STAY PENDING REVIEW OF HIS PETITION FOR WRIT OF MANDAMUS AND FOR EXPEDITED REVIEW

Kathryn M. Ali
ALI & LOCKWOOD LLP
300 New Jersey Avenue, N.W.
Suite 900
Washington, D.C. 20001
(202) 651-2475
katie.ali@alilockwood.com

Nicholas J. Xenakis
    *Counsel of Record*
Peter A. Swanson
Santiago M. Zalazar
Eric T. O'Brien
Meaghan A. Ryan
Tyler G. VanderMolen
Rachel D. Bercovitz
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, N.W.
Washington, D.C. 20001-4957
(202) 662-6000
nxenakis@cov.com

*Counsel for Petitioner*

# TABLE OF CONTENTS

INTRODUCTION ............................................................................... 1

BACKGROUND ................................................................................. 4

ARGUMENT ....................................................................................... 9

I.     The District Court Proceedings Should Be Stayed Pending Review of the Petition for a Writ of Mandamus. ........................ 9

    A.    Mr. Runyon is likely to succeed on the merits of his petition for a writ of mandamus. ........................................... 10

    B.    A stay is necessary to prevent irreparable harm to Mr. Runyon. ...................................................................... 18

    C.    The public interest favors a stay. ........................................ 22

II.    This Court Should Grant Expedited Review of Mr. Runyon's Petition for a Writ of Mandamus. ............................................. 24

CONCLUSION ................................................................................. 26

CERTIFICATE OF COMPLIANCE ........................................................ 27

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Belue v. Leventhal,*
640 F.3d 567 (4th Cir. 2011)...................................................................13

*Bills v. United States,*
11 F. App'x 342 (4th Cir. 2001).............................................................12

*Cohen v. U.S. Dist. Ct. for N. Dist. of California,*
586 F.3d 703 (9th Cir. 2009)..................................................................16

*In re: Elizabeth Peiffer,*
Case No. 23-5 (4th Cir. 2023) ..................................................................2

*In re Federal Savings & Loan Insurance Corp.,*
No. 88–3814, 1988 WL 76272 (4th Cir. July 11, 1988) ......................17

*In re Fluor Intercontinental, Inc.,*
803 F. App'x 697 (4th Cir. 2020)..........................................................15

*Fuller v. Diesslin,*
868 F.2d 604 (3d Cir. 1989) ..................................................................11

*Martel v. Clair,*
565 U.S. 648 (2012)..................................................................................11

*McFarland v. Scott,*
512 U.S. 849 (1994).............................................................................5, 23

*In re Mills,*
287 F. App'x 273 (4th Cir. 2008)............................................................3

*In re Murphy-Brown, LLC,*
907 F.3d 788 (4th Cir. 2018)..................................................................10

*Nken v. Holder,*
556 U.S. 418 (2009)..............................................................................9, 22

*Powell v. Alabama,*
287 U.S. 45 (1932)..................................................................11

*Roma Constr. Co. v. Russo,*
96 F.3d 566 (1st Cir. 1996) .....................................................13

*Sanders v. Russell,*
401 F.2d 241 (5th Cir. 1968)..................................................14

*Teague v. Lane,*
489 U.S. 288 (1989)................................................................24

*Thomas v. Cassidy,*
249 F.2d 91 (4th Cir. 1957)....................................................16

*In re United States,*
791 F.3d 945 (9th Cir. 2015)............................................ 12, 15

*United States v. Ensign,*
491 F.3d 1109 (9th Cir. 2007).................................................11

*United States v. Gonzalez-Lopez,*
399 F.3d 924 (8th Cir. 2005), *aff'd and remanded,* 548
U.S. 140 (2006).......................................................................23

*United States v. Panzardi Alvarez,*
816 F.2d 813 (1st Cir. 1987) ...................................................14

*United States v. Runyon,*
707 F.3d 475 (4th Cir. 2013), *cert. denied,* 574 U.S. 813
(2014)....................................................................................... 4

*United States v. Runyon,*
994 F.3d 192 (4th Cir. 2021)..............................................5, 19

*United States v. Sampson,*
No. CR. 01-10384, 2008 WL 2563374 (D. Mass. June 25,
2008).........................................................................................21

*United States v. (Under Seal),*
757 F.2d 600 (4th Cir. 1985)..................................................... 3

**Statutes**

18 U.S.C. § 3599 ..................................................................... 5, 22

18 U.S.C. § 3599(a)(2) ................................................................. 5

28 U.S.C. § 1291 ......................................................................... 15

28 U.S.C. § 1292 ......................................................................... 15

28 U.S.C. § 2255 .................................................................. *passim*

Virginia Criminal Justice Act ................................................... 21

**Other Authorities**

Fed. R. App. P. 8(a)(2)(A)(i) ...................................................... 10

Local Civil Rule 83.1(E) ............................................................ 12

Local Criminal Rule 57.4(D) ..................................................... 12

## INTRODUCTION

Petitioner David Anthony Runyon respectfully moves for (1) a stay of his capital habeas proceeding pending review of his petition for a writ of mandamus and (2) expedited review of his petition. The petition arises out of the district court's arbitrary and unreasoned refusal to permit Petitioner's counsel of choice—*pro bono* lawyers from Covington & Burling LLP ("Covington")—to appear as counsel of record in this death penalty proceeding. As set forth in the petition, the Covington attorneys seek admission *pro hac vice*, but although they meet all of the requirements for admission, the district court has repeatedly stated that it will not grant *any* applications for *pro hac vice* admission on Mr. Runyon's side of the "v" (even though the government has at least one lawyer appearing *pro hac vice* and actively participating in the proceedings). That decision is a clear abuse of discretion justifying mandamus relief.

Mr. Runyon will suffer irreparable harm absent a stay of the district court proceeding while this Court considers his mandamus petition. This is a complex federal capital case involving complicated medical, legal, and factual issues, tens of thousands of pages of discovery,

1

and a multi-week evidentiary hearing scheduled to begin on November 1, 2023. The inability of Mr. Runyon's attorneys at Covington to participate as counsel of record is prejudicing his ability to prepare for the evidentiary hearing, and if the hearing goes forward without his chosen counsel, the petition will be largely, if not entirely, moot.

The harm to Mr. Runyon is compounded by the district court's denial of a motion to withdraw filed by Mr. Runyon's counsel Elizabeth Peiffer in light of her mother's recent, unexpected diagnosis with Stage IV cancer. Ms. Peiffer immediately became a crucial caregiver for her mother, limiting her ability to competently and diligently represent Mr. Runyon in the coming months. The district court's denial of this motion is the subject of a separate interlocutory appeal by Ms. Peiffer, who has also moved to stay the district court proceedings pending the appeal. *See In re: Elizabeth Peiffer*, Case No. 23-5 (4th Cir. 2023). Due to Ms. Peiffer's inability to devote the time and attention this case demands, Mr. Runyon is now functionally left with one attorney who only recently joined the case, Kathryn Ali, to comply with a fast-approaching discovery deadline and to singularly handle an evidentiary hearing with at least five expert witnesses and likely lay witnesses. This compares to at least three

attorneys who are actively participating for the government, two of whom have been in the case since the trial.

Not only do these circumstances create immediate and significant prejudice to Mr. Runyon at a critical stage in this death penalty case, but they further demonstrate the arbitrariness of the district court's decision: Had the court granted Petitioner's motion to substitute the Covington attorneys for Ms. Peiffer, Petitioner would have had no difficulty meeting the district court's schedule, and there would have been no need for any delay in the proceedings below.

By contrast, the government will not suffer any harm from a brief stay pending this Court's consideration of the petition and Ms. Peiffer's appeal. A stay would further the public interest by affording Mr. Runyon's chosen counsel the opportunity to participate in the evidentiary hearing.

This Court has previously granted stays of district court proceedings pending disposition of a petition for a writ of mandamus. *See, e.g.*, *In re Mills*, 287 F. App'x 273, 276 (4th Cir. 2008) (unpublished); *United States v. (Under Seal)*, 757 F.2d 600, 602 (4th Cir. 1985). A stay

of the district court proceeding is similarly warranted in this case. The Court should also grant expedited review of the petition.[1]

## BACKGROUND

In 2009, David Anthony Runyon was convicted and sentenced to death in the United States District Court for the Eastern District of Virginia. This Court affirmed Mr. Runyon's convictions and sentences on direct appeal. *United States v. Runyon*, 707 F.3d 475, 520–21 (4th Cir. 2013), *cert. denied*, 574 U.S. 813 (2014).

Mr. Runyon filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 in 2015, ECF No. 478, which he amended in early 2016, ECF No. 511, and which the district court denied without a hearing in January 2017, ECF No. 560. This Court subsequently granted a certificate of appealability on four issues, vacated the dismissal of Mr. Runyon's § 2255 motion "to the extent that it dismissed without a hearing Runyon's claim of ineffective assistance of counsel for failure to investigate and present evidence of his brain damage and mental health,"

---

[1] The government has indicated that it will oppose Mr. Runyon's request for a stay and request to expedite. Mr. Runyon respectfully requests that the Court rule on the motion to stay by July 26, 2023.

and remanded that claim for a hearing. *United States v. Runyon*, <u>994 F.3d 192, 197</u>, <u>212</u> (4th Ci<u>r. 2021</u>).

During a February 2023 evidentiary hearing, it became apparent that one or both of the attorneys from the Federal Defender Services of Eastern Tennessee, Inc. (FDSET), who were appointed to represent Mr. Runyon pursuant to <u>18 U.S.C. § 3599</u>, had not fully complied with their discovery obligations.[2] The district court determined that FDSET counsel were conflicted and granted their motion to withdraw, leaving Mr. Runyon with only Elizabeth Peiffer to litigate his § 2255 proceedings.

On April 12, 2023, Mr. Runyon moved under <u>18 U.S.C. § 3599(a)(2)</u> to appoint Kathryn Ali of Ali & Lockwood LLP, a two-person firm, to represent him as co-counsel in litigating his claims for post-conviction relief pursuant to <u>28 U.S.C. § 2255</u>. The same motion also provided notice to the district court that he seeks to be represented in this matter on a *pro bono* basis by attorneys from Covington. Ex. 1 (Mot. to Appoint Katie Ali, ECF No. 802) at 1.[3] The district court appointed Ms. Ali but advised

---

[2] Mr. Runyon is an indigent person under a sentence of death who lacks the funds to hire an attorney or to pay any costs related to the prosecution of a proceeding under <u>28 U.S.C. § 2255</u>. As such, he is entitled to the appointment of counsel to assist him in litigating his motion. *See* <u>18 U.S.C. § 3599(a)(2)</u>; *McFarland v. Scott*, <u>512 U.S. 849, 854</u>–57 (1994).

[3] All of the exhibits cited herein refer to exhibits attached to the Petition.

that it "does not intend to appoint, nor to otherwise admit *pro hac vice*, any additional attorneys." Ex. 3 (Appointment Order, ECF No. 810) at 2.

Several weeks after Mr. Runyon filed his motion to appoint Ms. Ali as his counsel, unforeseen changes in the personal circumstances of Ms. Peiffer, his other appointed counsel, significantly limited her ability to participate in the case. Ms. Peiffer's mother was suddenly diagnosed with Stage IV cancer, which has metastasized to other parts of her body including her bones, lungs, and liver. Ex. 6 (Ex. A to Mem. in Supp. of Mot. to Withdraw, ECF No. 815-1), ¶¶ 3–7. This has forced Ms. Peiffer to take on a crucial caregiving role for the foreseeable future and requires her to withdraw from the case. *Id.* ¶¶ 11–18.

On June 7, 2023, Mr. Runyon filed a motion requesting Ms. Peiffer's withdrawal and leave to seek *pro hac vice* admission and substitution of *pro bono* counsel from Covington. Ex. 4 (Mot. to Withdraw and Substitute, ECF No. 814). The district court addressed these requests in a status conference on June 16, 2023, where it denied Ms. Peiffer's withdrawal and again indicated that it would not admit the Covington attorneys *pro hac vice*: "So if they want to file the motions, you can file them, but be prepared for my decision, unless there are other factors to

6

consider. My decision at this juncture is no for the above reasons." Ex. 8 (Status Conference Tr., ECF No. 819) at 26:12–16; *see also id.* at 25:25–26:2 ("But I see no reason to start admitting attorneys pro hac vice to be here for this continued evidentiary hearing."); *id.* at 56:25–57:2 ("I'm not inclined to admit all these attorneys that you want *pro hac vice* in the case.").

At the same time, the district court limited the role that the Covington attorneys can play. In addition to being unable to examine witnesses at the evidentiary hearing or argue motions, the district court stated that the Covington attorneys may not produce discovery or otherwise communicate with the government. *Id.* at 27:19–23 ("These disclosures are coming to us, Your Honor, through Covington's document platform, so they are involved in the case. THE COURT: They can't be coming through that platform."); *see also id.* at 27:23–28:2 ("But if you're not admitted in a case as counsel, you're not on the docket sheet as any type of counsel of record, and local counsel of record are responsible. The responsible attorneys, reportable to the Court, are Ms. Ali and Ms. Peiffer."); *id.* at 52:15–16 ("[O]nly counsel that are admitted in this case

will be part of the meet and confer."). Ms. Ali made an oral motion to stay the ruling on Ms. Peiffer's withdrawal pending appeal. *Id.* at 56:7–8.

In a subsequent written order, the district court indicated for a third time that it would not admit any additional attorneys to represent Mr. Runyon, despite Ms. Peiffer's unavailability. Ex. 9 (June 20, 2023 Order, ECF No. 820) at 3. The court's order also reflected the court's denial of the motion to stay made during the status hearing. *Id.* at 4.

The district court has ordered that all discovery be completed by August 31, 2023, and scheduled the resumption of Mr. Runyon's evidentiary hearing for November 1, 2023. *Id.* at 3–4. With these deadlines fast approaching, the refusal to admit the Covington attorneys has left Mr. Runyon with one attorney who has serious impairments to her capacity and another who was appointed as his counsel less than two months ago. Meanwhile, the government has three actively participating counsel in these proceedings, two of whom have been involved in the case since the trial. Mr. Runyon stands alone in this posture; every other federal death row prisoner litigating a § 2255 petition has at least two, and in some cases more, active counsel of record.

## ARGUMENT

To obtain a stay pending appeal, a movant must establish that (1) he is likely to succeed on the merits; (2) he will be irreparably harmed absent a stay; (3) a stay will not substantially injure the government; and (4) a stay serves the public interest. *Nken v. Holder*, 556 U.S. 418, 434 (2009). The third and fourth factors "merge when the Government is the opposing party." *Id*. at 435.

## I.    The District Court Proceedings Should Be Stayed Pending Review of the Petition for a Writ of Mandamus.

Each of the four factors supports a stay under the circumstances of this case. As described below and further detailed in his mandamus petition, Mr. Runyon is likely to succeed on the merits of his petition, as there is no valid basis for the district court's arbitrary decision to bar the Covington attorneys from serving as counsel of record. Mr. Runyon will suffer irreparable injury if the Covington attorneys are prevented from participating in the case and he is forced to proceed with effectively a single attorney of record who has been in the case for only a few months. Further, the government will not be prejudiced by a brief continuance of the case, and the public has an abiding interest in ensuring that

defendants are afforded the opportunity to engage the counsel of their choice in any criminal case, especially a capital case.[4]

### A. Mr. Runyon is likely to succeed on the merits of his petition for a writ of mandamus.

Mr. Runyon is likely to prevail on his petition for a writ of mandamus challenging the district court's improper denial of his choice of counsel. "Courts provide mandamus relief only when (1) petitioner 'ha[s] no other adequate means to attain the relief [it] desires'; (2) petitioner has shown a 'clear and indisputable' right to the requested relief; and (3) the court deems the writ 'appropriate under the circumstances.'" *In re Murphy-Brown, LLC*, 907 F.3d 788, 795 (4th Cir. 2018) (quoting *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380–81 (2004)). These factors are met here.

**Clear and Indisputable Right to the Requested Relief**. As laid out in his petition, Mr. Runyon has a clear and indisputable right to have his attorneys at Covington appear as counsel of record in this proceeding.

---

[4] Given that time is of the essence and the district court already denied a motion for a stay seeking substantially the same relief as the present motion (*i.e.*, the motion to stay pending appeal of Ms. Peiffer's motion to withdraw), it would be impracticable to file a motion to stay pending review of Mr. Runyon's petition for a writ of mandamus in the district court. *See* Fed. R. App. P. 8(a)(2)(A)(i).

*See* Petition at 18–28. Section 3599(a)(2) of Title 18 "guarantees that indigent defendants in federal capital cases will receive the assistance of counsel, from pretrial proceedings through stay applications." *Martel v. Clair*, 565 U.S. 648, 658 (2012). The Supreme Court has long held that "the right to counsel being conceded, a defendant should be afforded a fair opportunity to secure counsel of his choice." *Powell v. Alabama*, 287 U.S. 45, 53 (1932). This right to chosen counsel includes out-of-district counsel. *See, e.g., United States v. Ensign*, 491 F.3d 1109, 1114 (9th Cir. 2007) ("We have held that a defendant's right to the counsel of his choice includes the right to have an out of-state lawyer admitted *pro hac vice*.") (internal quotations omitted); *Fuller v. Diesslin*, 868 F.2d 604, 607 (3d Cir. 1989) ("[W]e conclude that the right to counsel *pro hac vice* is encompassed analytically within the right to counsel of choice, and as such should be examined within the analytic framework generally employed in right to counsel of choice cases.").

The district court's refusal to permit *pro hac vice* admission for Mr. Runyon's counsel constitutes a clear abuse of discretion. *See* Petition at 21–28. The district court record showed that the Covington attorneys meet the criteria for *pro hac vice* admission set forth in the Eastern

District of Virginia's local rules. *See* Ex. 7 (Ex. B to Mem. in Supp. of Mot. to Withdraw), ¶¶ 4–6 (stating that the Covington attorneys satisfy all the requirements for *pro hac vice* admission to the District Court set out in Local Civil Rule 83.1(E) and Local Criminal Rule 57.4(D)). Neither the court nor the government has expressed concerns about the attorneys' ethics, professionalism, or conduct, and the government has not raised any objection to their admission.

The only basis the district court gave for its refusal to permit Mr. Runyon's retained *pro bono* counsel from Covington to appear on his behalf is the court's apparent disfavoring of out-of-district counsel. But the district court did not articulate even a single reason *specific to the Covington attorneys* for why Mr. Runyon could not use *pro hac vice* counsel. Instead, the court appeared to create a blanket rule against *pro hac vice* admissions for Mr. Runyon. This kind of categorical bar constitutes an abuse of discretion. *See In re United States*, 791 F.3d 945, 950, 957 (9th Cir. 2015) (finding an abuse of discretion where district court had a policy of denying *pro hac vice* admission for out-of-state attorneys); *cf. Bills v. United States*, 11 F. App'x 342, 343 (4th Cir. 2001) (holding that district court could not impose categorical bar to attorney

12

appearing *pro hac vice* in the district). That is especially so given that the district court's categorical bar apparently applies only to Mr. Runyon, and not the government, which has an actively participating attorney admitted *pro hac vice*.

The district court did not articulate any valid reason for preventing Mr. Runyon from utilizing out-of-district counsel. The district court's assertion that out-of-district attorneys do not "have the same level of responsibility to the Court," Ex. 8 at 57:8–9, is legally incorrect. *Belue v. Leventhal*, 640 F.3d 567, 576 (4th Cir. 2011) (holding that "*pro hac vice* attorneys are held to the same professional responsibilities and ethical standards as regular counsel") (cleaned up). It is also improper for the district court to exclude the Covington attorneys based on the conduct of Mr. Runyon's previous counsel, as the Covington attorneys have no connection to Mr. Runyon's previous counsel and no court has reprimanded or taken any action pertaining to the conduct or fitness of the Covington attorneys.

Finally, as other circuits have recognized, the district court's concern about the number of lawyers representing Mr. Runyon is not a valid basis for denying his preferred counsel. *See Roma Constr. Co. v.*

*Russo*, <u>96 F.3d 566, 577</u> (1st Cir. 1996) (finding abuse of discretion where "district court stated that 'we already have one *pro hac vice* and we're not going to take more than one on a case'") (cleaned up); *Sanders v. Russell*, <u>401 F.2d 241, 245</u>–46 (5th Cir. 1968) ("It is difficult to see how the concern of the District Court in decorum, dignity, competency, good character or amenability to service and discipline is served by a numerical limitation. . . . [L]ack of necessity— in the judge's view—simply is not and cannot be a proper basis for exclusion [of additional out-of-district counsel]. . . . The trial court cannot substitute its judgment for that of the litigant in the choice or number of counsel that the litigant may feel is required to properly represent his interests.") (cleaned up).

The *pro hac vice* admission of the Covington attorneys in this case will not "hinder the efficacious administration of justice," *United States v. Panzardi Alvarez*, <u>816 F.2d 813, 817</u>–18 (1st Cir. 1987), but rather will further it. The errors committed in denying admission of Mr. Runyon's chosen counsel confirm that the court's rulings were a clear abuse of discretion.

**No Other Adequate Means**. A writ of mandamus is the only avenue available to Mr. Runyon to remedy the district court's improper

exclusion of his counsel of choice, for two reasons. *See* Petition at 28–34. *First*, Mr. Runyon has exhausted all reasonable avenues for relief before the district court, which has made clear on three occasions that it will not allow any of his attorneys to appear *pro hac vice*. *See* Petition at 29–32. In view of the district court's clear and repeated statements that it will deny any *pro hac vice* applications, it would be futile for the Covington attorneys to file such applications before Mr. Runyon seeks mandamus. *See In re Fluor Intercontinental, Inc.*, 803 F. App'x 697, 700 (4th Cir. 2020) (granting mandamus petition where district court had previously noted that Fluor had not done enough to satisfy preconditions for an interlocutory appeal, because seeking such an appeal would be "inadequate in light of the district court's suggestion that such an effort would be futile"). As set out in the Petition, the denial of *pro hac vice* applications would also carry collateral consequences for the Covington attorneys.

*Second*, an appeal is not an adequate means to remedy the district court's *pro hac vice* decision. A district court's denial of *pro hac vice* admission "is neither a final order appealable under 28 U.S.C. § 1291 . . . nor an interlocutory order appealable under 28 U.S.C. § 1292." *In re*

15

*United States*, <u>791 F.3d at 958</u>–59; *see also Thomas v. Cassidy,* <u>249 F.2d 91, 92</u> (4th Ci<u>r. 1957</u>) (expressing "grave doubt whether the denial of [*pro hac vice*] permission is appealable"). Nor can the denial of Mr. Runyon's counsel be effectively addressed in an appeal at the conclusion of the district court proceeding. *See Cohen v. U.S. Dist. Ct. for N. Dist. of California,* <u>586 F.3d 703, 710</u> (9th Ci<u>r. 2009</u>) ("[A] lost choice of counsel cannot be adequately remedied through means other than mandamus and the resultant harm is not correctable on appeal."). Mandamus is therefore Mr. Runyon's only available means of using his chosen counsel.

**Appropriateness of Mandamus Relief**. The exceptional circumstances of this case warrant the extraordinary remedy of mandamus relief. As discussed in the Petition, these circumstances include the unfair prejudice Mr. Runyon will endure and the seriousness of the issues at stake, the heightened need for this Court's intervention to ensure proper judicial administration, the fact that this case presents an issue of first impression, and the extreme limitations that the district court has imposed on Covington's representation of Mr. Runyon. *See* Petition at 34–40.

Mr. Runyon will suffer unfair prejudice if he is forced to proceed through these critical stages of his complex capital habeas proceedings—in which he bears the burden of proof—with only a single available counsel, while there are at least three lawyers actively participating on behalf of the government. This Court has held that mandamus is appropriate "when supervisory control of the district court is 'necessary to the proper judicial administration of the federal system.'" *In re Federal Savings & Loan Insurance Corp.*, No. 88–3814, <u>1988 WL 76272</u>, at *3 (4th Cir. July 11, 1988) (unpublished) (quoting *U.S. Bd. of Parole v. Merhige*, <u>487 F.2d 25, 30</u> (4th Ci<u>r. 1973)</u>). Here, the denial of Mr. Runyon's chosen counsel impedes the effective administration of the justice system.

Further, this case appears to be an issue of first impression, involves the power of the district court, and is likely to escape effective appellate review after the evidentiary hearing has taken place, all of which point to mandamus as an appropriate remedy. *See* Petition at 38–39. The district court's suggestion that Covington's attorneys may participate in the case in a limited fashion is no remedy at all, as it denies

17

Mr. Runyon the counsel he selected to perform the most critical tasks in this proceeding. *Id.* at 43–45.

**B.    A stay is necessary to prevent irreparable harm to Mr. Runyon.**

Absent a stay, Mr. Runyon will suffer irreparable harm because the district court has barred his chosen counsel from participating in the proceeding as counsel of record. The district court's exclusion of Mr. Runyon's retained pro bono counsel, compounded by its refusal to allow Mr. Runyon's conflicted counsel to withdraw, leaves him with functionally one attorney who was appointed less than two months ago.

This is a complex federal capital case with significant outstanding discovery and a fast-approaching multi-week evidentiary hearing that demands the participation of more than one attorney of record. The case has a long history and a voluminous record. The district court's current schedule calls for the completion of all discovery, which requires review of hundreds of thousands of pages of documents collected by prior counsel, by August 31. These files—comprising 70 bankers boxes of paper files and tens of thousands of electronic files received from FDSET since April 2023, ECF Nos. 806, 808—were disorganized, improperly scanned, and/or sent without an explanation concerning their origin, necessitating

an ongoing time-consuming review to ensure that all appropriate disclosures are made. *Id.*

The evidentiary hearing, scheduled to resume on November 1, 2023, will be a complex proceeding, involving difficult medical, scientific, and legal issues as well as at least five expert witnesses and likely lay witnesses requiring examination. This Court remanded Mr. Runyon's claim of "ineffective assistance of counsel for failure to investigate and present evidence of his brain damage and mental health." *Runyon,* 994 F.3d at 212. Accordingly, multiple experts must present the appropriate complex and technical evidence about Mr. Runyon's brain damage and mental health as well as prevailing professional standards. The hearing will also likely involve further examination of trial counsel to evaluate their decisions or lack thereof.

Despite acknowledging less than two months ago "the seriousness of the capital penalty in this case, the amount of discovery yet to be completed, and the complexity of the case," Ex. 3 at 1–2, the district court's rulings have severely limited the extent to which the Covington attorneys can help with the production of discovery and preparation for Mr. Runyon's hearing. In addition to preventing the Covington attorneys

from examining witnesses or otherwise representing Mr. Runyon during his evidentiary hearing, the district court has prohibited Mr. Runyon from utilizing Covington's secure document transfer platform to produce documents to the government and from otherwise communicating with the government. Ex. 8 at 27:19–23 ("These disclosures are coming to us, Your Honor, through Covington's document platform, so they are involved in the case. THE COURT: They can't be coming through that platform."); *see also id.* at 52:15–16 ("[O]nly counsel that are admitted in this case will be part of the meet and confer.").

As explained above, Mr. Runyon has only one non-conflicted attorney of record (Ms. Ali), who will be responsible for all of the foregoing tasks but lacks the resources that either Covington or the United States can bring to bear in litigating this case. By contrast, the government has three counsel of record actively participating in the case. Two of the government's counsel have been working on this case since the trial.

The district court's bar on Mr. Runyon's chosen counsel from representing him also puts him at a disadvantage vis-à-vis other federal capital habeas petitioners. Undersigned counsel understands that Mr. Runyon would be the only person litigating a capital § 2255 motion

20

scheduled for an evidentiary hearing with functionally a single counsel of record. *See* Ex. 2 at 3–4 & n.5. Courts routinely appoint at least two attorneys to represent indigent people on federal death row litigating post-conviction proceedings. *See, e.g.*, *United States v. Sampson*, No. CR. 01-10384, 2008 WL 2563374, at *3 (D. Mass. June 25, 2008) (appointing three counsel in a § 2255 proceeding).

Moreover, the Eastern District of Virginia Criminal Justice Act ("CJA") plan, which was approved by the Judicial Council of the Fourth Circuit, explains, "[d]ue to the complex, demanding, and protracted nature of death penalty proceedings, the court should consider appointing **at least two attorneys**" to represent prisoners pursuing § 2255 post-conviction petitions in federal death penalty cases. United States District Court for the Eastern District of Virginia Criminal Justice Act Plan § XIV.E.2 (approved Nov. 6, 2019) (emphasis added); *see also* 7 Guide to Judicial Policies and Procedures, § 620.10.20(b) (recommending appointment of "at least two counsel" for § 2255 proceedings in capital cases). Indeed, the district court recognized the need for second counsel in Mr. Runyon's case just six weeks ago, citing "the seriousness of the capital penalty in this case, the amount of discovery yet to be completed,

and the complexity of the case" as a basis for appointing Ms. Ali. Ex. 3 at 1–2.

For the foregoing reasons and as detailed further in Mr. Runyon's petition, a stay is necessary to prevent irreparable harm to Mr. Runyon at this critical stage of his habeas proceeding.

## C. The public interest favors a stay.

When the government is the opposing party, the third factor (the harm to the opposing party) and the fourth factor (the public interest) "merge," because the government's interest in a case *is* the public interest. *Nken*, 556 U.S. at 435. Here, the public interest overwhelmingly favors a stay. Forcing Mr. Runyon to proceed without his chosen counsel in this critical stage of his habeas proceedings would undermine the public interest in ensuring adequate representation in capital cases, in vindicating Mr. Runyon's right to counsel of choice, and in securing justice and finality.

Federal habeas proceedings are critically important to ensure that no one is put to death whose proceedings were marred by constitutional error. In enacting 18 U.S.C. § 3599, Congress made a determination that access to counsel is critical during federal habeas proceedings. *See, e.g.,*

*McFarland v. Scott,* 512 U.S. 849, 859 (1994) ("By providing indigent capital defendants with a mandatory right to qualified legal counsel in these proceedings, Congress has recognized that federal habeas corpus has a particularly important role to play in promoting fundamental fairness in the imposition of the death penalty.").

Here, however, Mr. Runyon has been denied his counsel of choice while one of his two appointed counsel is incapacitated by a conflict of interest that renders her unable to adequately represent Mr. Runyon in this proceeding. Mr. Runyon selected attorneys from Covington to represent him, and he has developed a relationship of trust and confidence with these attorneys. Unless the proceedings below are stayed pending resolution of this appeal, he will effectively be deprived of his right to be represented by his chosen counsel, in violation of his constitutional and statutory rights. *See, e.g., United States v. Gonzalez-Lopez,* 399 F.3d 924, 928–30 (8th Cir. 2005) ("As a general rule, defendants are free to employ counsel of their own choice and the courts are afforded little leeway in interfering with that choice.") (cleaned up)*, aff'd and remanded,* 548 U.S. 140 (2006).

Granting a stay also serves the public interest by ensuring "the principle of finality which is essential to the operation of our criminal justice system." *Teague v. Lane*, 489 U.S. 288, 309 (1989). If these issues concerning Mr. Runyon's counsel are not resolved now, they could present bases for relief at a later stage. The principle of finality would be best served by staying proceedings and ensuring that Mr. Runyon's upcoming proceedings are conducted fairly the first time. There is nothing to balance against the denial of Mr. Runyon's rights here. Had the district court granted Mr. Runyon's motion to withdraw and substitute, there would have been no need for any delay in the proceedings. Under these circumstances, the interests of justice would not be undermined by a brief continuance.

Because Mr. Runyon is likely to succeed on the merits of his petition, will suffer irreparable harm in the absence of a stay, and because a stay serves the public interest, this Court should stay these proceedings pending the review of Mr. Runyon's mandamus petition.

## II. This Court Should Grant Expedited Review of Mr. Runyon's Petition for a Writ of Mandamus.

Mr. Runyon respectfully asks the Court to grant expedited review of his petition for a writ of mandamus to ensure that the stay is of limited

duration and to prevent any prejudice to either party. Mr. Runyon has no desire to cause delay and was fully prepared to meet the district court's schedule through his requested substitution of Covington attorneys for Ms. Peiffer. Further, the petition will be largely or entirely moot if the November 1 hearing goes forward without Mr. Runyon's attorneys from Covington. Should the Court determine that formal briefing and oral argument would aid in the resolution of Mr. Runyon's petition, Mr. Runyon respectfully requests an expedited briefing and oral argument schedule.

## CONCLUSION

For the foregoing reasons, the Court should stay the district court proceedings pending review of Mr. Runyon's petition for a writ of mandamus and grant expedited consideration of his petition. Mr. Runyon respectfully requests that the Court rule on the motion to stay by July 26, 2023.

July 7, 2023

Respectfully submitted,

Kathryn M. Ali
ALI & LOCKWOOD LLP
300 New Jersey Avenue, N.W.
Suite 900
Washington, D.C. 20001
(202) 651-2475
katie.ali@alilockwood.com

Nicholas J. Xenakis
Peter A. Swanson
Santiago M. Zalazar
Eric T. O'Brien
Meaghan A. Ryan
Tyler G. VanderMolen
Rachel D. Bercovitz
COVINGTON & BURLING LLP
One CityCenter, 850 Tenth
Street, N.W.
Washington, D.C. 20001-4957
(202) 662-6000
nxenakis@cov.com

*Counsel for Petitioner*

# CERTIFICATE OF COMPLIANCE

1. On July 6, 2023, Petitioner's counsel provided notice to counsel for the government of Petitioner's intention to file this motion on July 7. Counsel for the government intends to oppose the motion.

2. This petition complies with the type-volume limitations of <u>Federal Rule of Appellate Procedure 21(d)(1)</u> because the motion contains 5,187 words.

3. This petition complies with the typeface and type-style requirements of the Federal Rules of Appellate Procedure because this petition has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook font.

Dated: July 7, 2023                    Respectfully submitted,

*/s/ Nicholas J. Xenakis*

Nicholas J. Xenakis
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, N.W.
Washington, D.C. 20001-4957
(202) 662-6000
nxenakis@cov.com

*Counsel for Petitioner*

# CERTIFICATE OF SERVICE

I certify that on this 7th day of July, 2023, a copy of the foregoing

Motion to Stay was sent by electronic mail to the parties below and placed

at a Federal Express Drop Box location, for priority delivery, addressed

to the parties as follows:

Brian J. Samuels
Lisa R. McKeel
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, Virginia 23606
Phone: (757) 591-4000
Fax: (757) 591-0866
Email: brian.samuels@usdoj.gov
Email: lisa.mckeel@usdoj.gov

Carrie Lee Ward
Department of Justice
Capital Case Section
1331 F Street, NW
Room 650
Washington, DC 20530
Phone: (202) 923-7154
Fax: (202) 305-9779
Email: carrie.ward@usdoj.gov

Elizabeth J. Peiffer
Capital Representation Resource Center
1155 Seminole Trail #6391
Charlottesville, VA 22906
Phone: (434) 817-2970
Fax: (434) 817-2972
Email: epeiffer@vcrrc.org

\*    \*    \*

Dated: July 7, 2023

Respectfully submitted,

*/s/ Nicholas J. Xenakis*

Nicholas J. Xenakis
COVINGTON & BURLING LLP
One CityCenter, 850 Tenth Street, N.W.
Washington, D.C. 20001-4957
(202) 662-6000
nxenakis@cov.com

*Counsel for Petitioner*