# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

1100 East Main Street, Suite 501, Richmond, Virginia 23219

www.ca4.uscourts.gov

July 10, 2023

_____

No. 23-6
(4:08-cr-00016-RBS-DEM-3)

_____

In re: DAVID ANTHONY RUNYON

    Petitioner

_____

DOCKETING NOTICE - ORIGINAL PROCEEDINGS

_____

This case has been placed on the court's docket under the above-referenced number, which should be used on papers subsequently filed in this court. No answer to the petition is required unless ordered by the court.

Counsel filing on behalf of a party must file an **Appearance of Counsel** form at the time of filing the petition. If this case arises from a civil matter, the parties must file a **Disclosure Statement** form at the time of filing the petition, except that a disclosure form is **not** required from the United States, from indigent parties, or from state or local governments in pro se cases. Court forms are available as links from this notice and at the court's web site, www.ca4.uscourts.gov.

Parties are responsible for ensuring that social security numbers, juvenile names, dates of birth, and financial account numbers are redacted from any documents filed with the Court and that any sealed materials are filed in accordance with the enclosed **Memorandum on Sealed and Confidential Materials**. Attorneys are required to file electronically in the Fourth Circuit. Information on obtaining an electronic filer account is available at **www.ca4.uscourts.gov**.

Emily Borneisen, Deputy Clerk
804-916-2704

# SEALED & CONFIDENTIAL MATERIALS

Internet Availability of Docket & Documents

Fourth Circuit case dockets and documents are available on the Internet via the Judiciary's PACER system (Public Access to Court Electronic Records). The Fourth Circuit docket is available on the Internet even if the district court docket was sealed. If a party's name was sealed in the district court, it should be replaced by "Under Seal" or a pseudonym on appeal.

Due to the electronic availability of court documents, the federal rules prohibit including certain personal data identifiers in court filings. In addition, parties should not include any data in their filings that they would not want on the Internet. Counsel should advise their clients on this subject so that an informed decision can be made. Responsibility rests with counsel and the parties, not with the clerk.

Documents filed by the parties in immigration, social security, and railroad retirement board cases are not accessible over the Internet to the public. Public Internet access is limited to the court's docket, orders, and opinions in these cases. Parties wishing to prevent their full names from appearing in court opinions or orders in these cases should file a motion to amend the caption to use the party's first name and last initial rather than their full name.

Federal Rules of Procedure

The federal rules of procedure require filers to redact any of the following personal data identifiers (PDIs) if included in court filings: (1) social security and tax ID numbers must be limited to last four digits; (2) minor children must be identified by their initials only; (3) dates of birth must show the year only; (4) financial account numbers must be limited to the last four digits only; and (5) home addresses in criminal cases must be limited to city and state only. The federal rules establish limited exceptions to these redaction requirements. See Fed. R. App. P. 25(a)(5); Fed. R. Civ. P. 5.2; Fed. R. Crim. P. 49.1; Fed. R. Bankr. P. 9037

Judicial Conference Privacy Policy

In addition, the judiciary's regulation on Privacy Policy for Electronic Case Files prohibits filers from including any of the following criminal documents in the public file: (1) unexecuted summonses or warrants; (2) bail or presentence reports; (3) statement of reasons in judgment of conviction; (4) juvenile records; (5) identifying information about jurors or potential jurors; (6) CJA financial

affidavits; (7) ex parte requests to authorize CJA services and (8) any sealed documents, such as  motions for downward departure for substantial assistance, plea agreements indicating cooperation, or victim statements. Any reference to substantial assistance or cooperation with the government in criminal proceedings should be sealed in the parties' briefs.

Local Rule 25(c)

Local Rule 25(c) limits the sealing of documents by requiring that sealed record material be separated from unsealed material and placed in a sealed volume of the appendix and by requiring the filing of both sealed, highlighted versions and public, redacted versions of briefs and other documents.

Since the ECF events for sealed filings make the documents accessible only to the court, counsel must serve sealed documents on the other parties outside ECF.

Sealed Volume of Appendix

If sealed record material needs to be included in the appendix, it must be placed in a **separate, sealed volume** of the appendix and filed with a certificate of confidentiality. In consolidated criminal cases in which presentence reports are being filed for multiple defendants, each presentence report must be placed in a separate, sealed volume served only on Government counsel and counsel for the defendant who is the subject of the report.

- Use ECF event-**SEALED JOINT APPENDIX** and **SEALED SUPPLEMENTAL APPENDIX** to file sealed electronic appendix volume(s). Cover of sealed appendix volume must be marked SEALED, and paper copies must be placed in envelopes marked SEALED. Sealed volume must be served on other parties outside ECF.
- Use ECF event-**Certificate of confidentiality** to identify authority for treating material as sealed and to identify who may have access to sealed material. A paper copy of the certificate of confidentiality must accompany the paper copy of the sealed appendix filed with the court.
- Use ECF event-**JOINT APPENDIX** and **SUPPLEMENTAL APPENDIX** to file public electronic appendix volumes(s).

Sealed Version of Brief

If sealed material needs to be referenced in a brief, counsel must file both a **sealed, highlighted version** of the brief and a **public, redacted version** of the brief, as well as a certificate of confidentiality.

- Use ECF event-**SEALED BRIEF** to file sealed electronic version of brief in which sealed material has been highlighted. Cover of sealed brief must be marked SEALED, and paper copies must be placed in envelopes marked SEALED. Sealed version must be served on other parties outside ECF.
- Use ECF event-**Certificate of confidentiality** to identify authority for treating material as sealed and to identify who may have access to sealed material. A paper copy of the certificate of confidentiality must accompany the paper copy of the sealed brief filed with the court.
- Use ECF event-**BRIEF** to file public electronic version of brief from which sealed material has been redacted.

Sealed Version of Motions and Other Documents

If sealed material needs to be referenced in a motion or other document, counsel must file both a **sealed, highlighted version** and a **public, redacted version**, as well as a certificate of confidentiality.

- Use ECF event-**SEALED DOCUMENT** to file sealed electronic version of document in which sealed material has been highlighted. First page of document must be marked SEALED. Sealed version must be served on other parties outside ECF.
- Use ECF event-**Certificate of confidentiality** to identify authority for treating material as sealed and to identify who may have access to sealed material.
- Use the appropriate ECF event (e.g., **MOTION** or **RESPONSE/ANSWER**) to file public electronic version of document from which sealed material has been redacted.

Motions to Seal

A certificate of confidentiality may be used to request sealing of information protected by the [Privacy Policy for Electronic Case Files](#), or by statute, rule, regulation, or order. To request sealing of other materials, or to request sealing of an entire brief or motion due to inability to create a public, redacted version, counsel must file a motion to seal.

The motion to seal must appear on the public docket for five days. The motion must identify the document or portions thereof for which sealing is requested, the reasons why sealing is necessary, the reasons a less drastic alternative will not afford adequate protection, and the period of time for which sealing is required. If

it is necessary to reference sealed material in the motion, a **sealed, highlighted version** and a **public, redacted version** of the motion must be filed.

Highly Sensitive Documents

The court has adopted [Standing Order 21-01](#) implementing procedures adopted by the Federal Judiciary for the filing of highly sensitive sealed documents in paper form, accompanied by a certificate (for material sealed by the district court or other tribunal) or motion (for requests to file material under seal in the first instance).

**Forms:** [Certificate of Confidentiality](#) & [Certificate for Highly Sensitive Document Protection](#)

**Instructions:** [How do I redact items from pleadings?](#) (Marking out text in a word processing document using a highlighter or box tool does not remove sensitive data from the document.)

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

_____

## CHANGE OF ADDRESS (PRO SE)

_____

**No.** 23-6,      <u>In re: David Runyon</u>
                 4:08-cr-00016-RBS-DEM-3

If your address changes, it is your obligation to notify the clerk. If your address changes and you do not notify the clerk, we will not be responsible for your failure to receive documents from the court.

THE CLERK IS HEREBY NOTIFIED THAT MY ADDRESS SHOULD BE CHANGED TO:

| |
|---|
| Name: |
| Street/P. O. Box: |
| City/State/ZIP: |
| Telephone Number: |
| Prison (if applicable): |
| Prisoner's Reg. No. (if applicable): |
| Release Date (if applicable): |
| Effective Date for Change of Address: |
| Signature: |

**UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT
OFFICE OF THE CLERK**

1100 East Main Street, Suite 501
Richmond, Virginia 23219-3517
www.ca4.uscourts.gov

| | |
|---|---|
| Patricia S. Connor | Telephone |
| Clerk | 804-916-2700 |

_____

MOTION TO DISMISS
PURSUANT TO FRAP 42(b)

_____

No. 23-6,     In re: David Runyon
         4:08-cr-00016-RBS-DEM-3

Petitioner moves to voluntarily dismiss this proceeding pursuant to Rule 42(b) of the Federal Rules of Appellate Procedure.

Petitioner understands that this proceeding will be dismissed and cannot be reinstated at a later date.

Signature _____    Date _____

**CERTIFICATE OF SERVICE**
**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

I certify that I served a copy of this motion on all parties, addressed as shown [list parties' names and the addresses at which they were served below]:

Signature _____    Date _____