No. 23-6

IN THE
UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

*In re* DAVID ANTHONY RUNYON,
*Petitioner*.

UNITED STATES OF AMERICA,
*Plaintiff*,

v.

DAVID ANTHONY RUNYON,
*Defendant.*

On Petition for a Writ of Mandamus to the United States District Court
for the Eastern District of Virginia
No. 1 4:08-cr-00016-RBS-DEM-3 (Hon. Rebecca Beach Smith)

**BRIEF [CORRECTED] OF DEBEVOISE & PLIMPTON LLP AS *AMICUS CURIAE* IN SUPPORT OF PETITIONER**

| | |
|---|---|
| Hon. John Gleeson (Ret.) | Megan McGuiggan |
| DEBEVOISE & PLIMPTON LLP | Joseph Ptomey |
| 66 Hudson Boulevard | Bailey Crawford |
| New York, NY 10001 | DEBEVOISE & PLIMPTON LLP |
| (212) 909-6000 | 801 Pennsylvania Avenue, NW |
| jgleeson@debevoise.com | Washington, DC 2004 |
| | (202) 346-4000 |
| | mmcguiggan@debevoise.com |
| | jptomey@debevoise.com |
| | bkcrawford@debevoise.com |

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure and Local Rule 26.1(b)(1), *amicus curiae* states that it has no parent corporation and that no publicly traded corporation owns 10% or more of its stock. *Amicus* are not aware of any publicly held corporation that has a direct financial interest in the outcome of this appeal.

# TABLE OF CONTENTS

Interests of *Amicus Curiae*…………………………………………………1

Argument……………………………………………………………………2

    I.    Thousands of Indigent Criminal Defendants Rely on *Pro Bono* Representation and the Grant of PHV Applications……..……3

    II.    The Unwarranted Denial of PHV Applications Raises Constitutional Concerns…………………………………….8

    III.    The District Court's Order is Contrary to Public Policy……..10

Conclusion…………………………………………………………12

ii

# TABLE OF AUTHORITIES

<u>**Cases**</u>

*A1 Procurement, LLC v. Thermcor, Inc.*, <u>2015 U.S. Dist. LEXIS 174898,</u>

(E.D. Va. 2015)……………………………………………………7

*Belue v. Leventhan*, <u>640 F.3d 567</u> (4th Cir. 2011)………………………5,7,8

*Fuller v. Diesslin*, <u>868 F.2d 604</u> (3d Cir. 1989)………………………..…9

*In re United States of America*, <u>791 F.3d 945</u> (9th Cir. 2015)………………8

*Lorenz v. Alderman,* <u>213 F.3d 631</u> (4th Cir. 2000)…………….…………7

*Puckett v. Crestar Bank Corp.*, <u>23 F.2d 402</u> (4th Cir. 1992)………………..7

*Schlumberger Techs., Inc. v. Wiley*, <u>113 F.3d 1553</u> (11th Cir. 1997)….........10

*Thoma v. A.H. Robins Co.*, <u>100 F.R.D. 344</u> (D.N.J. 1983)…………………7

*United States v. Acosta*, <u>234 Fed. Appx. 647</u> (9th Cir. 2007)……………….8

*United States v. Collins*, <u>920 F.2d 619</u> (10th Cir. 1990)…………….………9

*United States v. Ensign*, <u>491 F.3d 1109</u> (9th Cir. 2007)……………………9

*United States v. Gonzalez-Lopez*, <u>548 U.S. 140</u> (2006)……………….....8,9

*United States v. Ries*, <u>100 F.3d 1469</u> (9th Cir. 1996)………………………9

*Wheat v. United States*, <u>486 U.S. 153</u> (1988)…………………………....10

<u>**Statutes & Rules**</u>

C.D. Ill. Local Rule 83.5(F)……………………………………………5

E.D. Va. Local Crim. Rule 57.4(E)…………………………………..6,7

**Other**

2017 Report of Ad Hoc Committee to Review the Criminal Justice Act…...3

Application to Qualify as a Foreign Attorney Under Local Civil Rule

      83.1(D) and Local Criminal Rule 57.4………………………...7

Cornell Law School, Legal Information Institute, "pro hac vice"………...5,6

Cornell Law School, Legal Information Institute, U.S. Const. Ann., Right to

      Choice of Counsel, Amdt. 6.7.2.2…………………….......8,9

C.D. Ill. Instructions for Completion of Motion for Admission and Attorney

      Questionnaire……………………………………………....5

R. Rose et al., The Federal Lawyer, Attorney Admissions: Identifying and

      Working with Local Counsel and *Pro Hac Vice* Admissions

      (Sept. 2016)………………………………………….………4

Richard A. Oppel Jr., and Jugal K. Patel, "One Lawyer, 194 Felony Cases,

      and No Time," N.Y. Times (Jan. 31, 2019)……………….....4

## INTERESTS OF *AMICUS CURIAE*[1]

*Amicus curiae*, Debevoise & Plimpton LLP ("Debevoise"), is an international law firm of more than 900 lawyers with a renowned *pro bono* practice. Its longstanding initiative, the Holloway Project, was founded by Debevoise partner Judge John Gleeson in 2016 to create pathways to relief for federal prisoners serving excessively long sentences resulting from now-defunct mandatory sentencing provisions. Through the Holloway Project, Debevoise and its attorneys advocate for federal prisoners given inhumane sentences under harsh mandatory sentencing laws that have since been corrected by Congress. Since its inception, more than 120 Debevoise attorneys have worked to reduce the sentence or gain the full release of 45 individual clients—achieving an average reduction in sentence of more than 34 years—and have sought relief in over 30 federal district courts and seven circuit courts of appeal. Many of these cases required at least some members of the Debevoise team to appear *pro hac vice* ("PHV").

Through the Holloway Project and other *pro bono* initiatives, Debevoise attorneys are well-versed in the issues facing federal criminal defendants and fully understand the critical role that *pro bono* representation plays in ensuring access to

---

[1] All parties have consented to the filing of this brief. No party or party's counsel authored this brief in whole or in part. No person, other than *amicus curiae*, contributed money that was intended to fund preparing or submitting this brief.

1

adequate representation.  Many Debevoise lawyers providing *pro bono* services rely on PHV admission to do so, as the clients most in need of services frequently reside outside of jurisdictions in which the firm's lawyers are typically admitted (*e.g.*, New York, Washington D.C., California).  Debevoise (on behalf of itself and its *pro bono* clients) has a strong interest in ensuring that this Court appreciates the repercussions of the District Court's reasoning below, and submits this brief in support of Petitioner.

## ARGUMENT

The District Court should be instructed to allow Petitioner's chosen counsel—attorneys from Covington & Burling LLP ("Covington") seeking PHV admission to provide *pro bono* representation—to appear on Mr. Runyon's behalf.  *Pro bono* services are critical to indigent defendants charged with federal crimes—for obvious reasons, this is particularly so for those facing the death penalty.  Given the importance of *pro bono* representation and the reality of today's legal market, federal courts routinely grant PHV applications filed by lawyers offering no-cost legal services (either independently or in conjunction with local counsel) to indigent criminal defendants.  In doing so, courts allow PHV attorneys—who are held to the same ethical and professional standards as fully admitted counsel—to provide complete legal representation to defendants who would otherwise be forced to defend their liberty, and at times, their lives, with far fewer resources.

Rather than follow this standard practice, the District Court arbitrarily instructed, without justification, that *pro bono* counsel would not be permitted to appear as counsel of record on Mr. Runyon's behalf and that the District Court would not—absent some unspecified though presumably substantial change in circumstances—grant *any* PHV applications on the defendant's side. This direction is not only in tension with widely accepted federal practice, but raises serious constitutional concerns under the Sixth Amendment and is contrary to public policy. The relief sought in Petitioner's Motion for Writ of Mandamus ("Petitioner's Motion") should be granted.

## I.     Thousands of Indigent Criminal Defendants Rely on *Pro Bono* Representation and the Grant of PHV Applications.

As set forth in the Brief for the Association of Pro Bono Counsel, a staggering number of federal criminal defendants cannot afford to hire their own attorneys,[2] and must therefore rely entirely or at least in part on *pro bono* representation, assigned counsel, or public defenders to mount their defense. Given the huge number of defendants who cannot afford to hire counsel, reliance on *pro bono*

---

[2]     *See 2017 Report of the Ad Hoc Committee to Review the Criminal Justice Act*, at XIV, https://www.uscourts.gov/sites/default/files/2017_report_of_the_ad_hoc_com mittee_to_review_the_criminal_justice_act-revised_2811.9.17.29_0.pdf ("Fully 90 percent of defendants in federal court cannot afford to hire their own attorney.") (internal quotation marks omitted).

counsel is not typically controversial under any circumstances—let alone in capital cases where the defendant faces the gravest possible punishment, and counsel must navigate all of the legal nuance and intricacies that come with those cases. Furthermore, *pro bono* attorneys admitted PHV actively alleviate the burden on local counsel, like public defenders, who carry already heavy caseloads and would otherwise be saddled with even more representations.[3]

Accordingly, where attorneys are not admitted in a *pro bono* client's jurisdiction, courts routinely grant counsel's applications to practice PHV. *See* R. Rose et al., The Federal Lawyer, Attorney Admissions: Identifying and Working with Local Counsel and *Pro Hac Vice* Admissions, 49 (Sept. 2016) ("[PHV] enables an out-of-state lawyer to be admitted to practice in a local jurisdiction for a particular case only . . . [one] goal was to make the administrative side of a lawsuit easier for both the parties and the courts.") (internal quotation marks omitted). While the grant of PHV admissions was once considered a discretionary matter of "benevolence" by the courts, this Court has recognized that "such an approach does not accord with

---

[3]   *See e.g.*, Richard A. Oppel Jr., and Jugal K. Patel, "One Lawyer, 194 Felony Cases, and No Time," N.Y. Times (Jan. 31, 2019) ("Public defenders are having to carry 'outlandish, excessive workloads' that make 'a mockery of the constitutional right to counsel,' the American Bar Association said" in light of a study on public defender workloads).
https://www.nytimes.com/interactive/2019/01/31/us/public-defender-case-loads.html.

4

the modern practice of law," as "the legal profession has become a national one, and justice in any true sense must transcend the parochial." *Belue v. Leventhan*, <u>640 F.3d 567, 576</u> (4th Cir. 2011). As such, the grant of PHV applications has become the norm in legal practice—rather than an exceptional gesture of goodwill.[4]

This trend not only supports access to adequate legal representation for all defendants, but is consistent with the spirit underlying PHV practice at its core. PHV admissions are intended to recognize that modern legal practice transcends state lines, and solve for the fact that parties should not be limited in their choice or adequacy of representation based solely on geographical issues. *E.g.*, Cornell Law School, Legal Information Institute, "pro hac vice"[5] ("[PHV] admission is a method that resolves the tension between the growing need to practice across state lines,

---

[4]   While some federal district courts do not allow for PHV admission, *amicus* has observed in its practice that it would not be uncommon for such courts to make it efficient, easy, and cost-effective to seek full admission there. *See, e.g.*, C.D. Ill. Local Rule 83.5(F) (disallowing PHV admission generally). *But see* C.D. Ill. Instructions for Completion of Motion for Admission and Attorney Questionnaire (allowing for full admission based on good standing in another jurisdiction and noting that "[f]or your convenience, we have established an electronic attorney admission . . . We have adapted a system which will expedite your admission."). That is not the case here, where a counsel who is denied PHV status would need to be barred in the State of Virginia before seeking full admission in the Eastern District.

[5]   *Available at* https://www.law.cornell.edu/wex/pro_hac_vice#:~:text=Pro%20hac%20vice% 20admission%20is%20a%20method%20that%20resolves%20the,laws%20and %20comply%20with%20local.

especially as the world goes digital, and the interest of local courts to ensure that attorneys who practice before them are qualified to both advise their clients on local laws and comply with local rules of practice and custom."). Despite the longstanding practice of granting PHV admissions, the District Court determined—contrary to the local rules and federal jurisprudence—that the intervention of out-of-state *pro bono* counsel for Mr. Runyon would not be appropriate in this case. This is the case, in the District Court's view, even though at least one Government attorney (whose application was customarily granted without further inquiry) is appearing on its behalf.

The applicable local rules provide that attorneys may seek PHV admission so long as (1) the attorney's own district extends similar privileges to other counsel, and (2) the attorney is accompanied by an Eastern District of Virginia ("EDVA") bar member. E.D. Va. Local Crim. Rule 57.4(E)(1).[6] The applying attorney must

---

[6] E.D. Va. Local Crim. Rule 57.4(E)(1) ("Upon written motion by a member of this Court, a practitioner qualified to practice in the United States District Court of another state or the District of Columbia may apply for pro hac vice admission in a specific case . . . provided that: (a) The rules of the United States District Court of the district in which the practitioner maintains an office extend a similar privilege to members of the bar of this Court; and (b) That such practitioners from another state or the District of Columbia shall be accompanied by a member of the bar of this Court in all appearances before this Court").

also be in good standing of the bar to which they belong,[7] and must agree to (and will) be held to the same standards as attorneys barred in EDVA when practicing before the courts. *See* Local Crim. Rule 57.4(E)(2); *Belue*, 640 F.3d at 576 (PHV attorneys are "held to the same professional responsibilities and ethical standards as regular counsel").

When an attorney is otherwise qualified based on the above or similar criteria, federal courts have denied PHV admission where, unlike here, serious misconduct or ethical concerns were present—for instance, if the attorney had violated the local rules or engaged in "uncivil behavior or abusive language." *A1 Procurement, LLC v. Thermcor, Inc.*, 2015 U.S. Dist. LEXIS 174898, *16 (E.D. Va. 2015) (collecting cases); *see also Thoma v. A.H. Robins Co.*, 100 F.R.D. 344, 350 (D.N.J. 1983) (denying PHV admission where the application appeared to have been filed in an effort to delay or thwart progress of the case).[8]   When such compelling circumstances are absent, courts have been found to have erred in denying PHV

---

[7]   *See* Application to Qualify as a Foreign Attorney Under Local Civil Rule 83.1(D) and Local Criminal Rule 57.4, https://www.vaed.uscourts.gov/news/updated-pro-hac-vice-application-form.

[8]   A number of cases from within this Circuit where PHV status was appropriately denied involve bizarre circumstances that are certainly not present here—specifically, where a *pro se* defendant appears to misunderstand the concept and seeks to represent him or herself as a PHV-admitted attorney. *E.g., Lorenz v. Alderman,* 213 F.3d 631, 631 (4th Cir. 2000); *Puckett v. Crestar Bank Corp.*, 23 F.2d 402, 402 (4th Cir. 1992).

representation—a mistake that can result in a conviction being overturned entirely on appeal. *See United States v. Gonzalez-Lopez*, 548 U.S. 140, 143 (2006) (overturning defendant's conviction based on structural defect resulting from denial of PHV admission); *In re United States of America*, 791 F.3d 945 (9th Cir. 2015) (concluding the "district court acted outside its discretion" by denying a government attorney's application for PHV admission); *see also Belue*, 640 F.3d at 570, 572 (holding that the district court erred in taking the "admittedly rare step" of revoking attorneys' PHV status because it "did not afford them even rudimentary process"); *United States v. Acosta*, 234 Fed. Appx. 647, 650 (9th Cir. 2007) (denial of counsel's PHV admission for defendant's sentencing hearing was not harmless error).

The District Court's intention to deny PHV admission for *pro bono* counsel, which appears to be based on nothing more than its frustration over "perceived orderliness" and decorum, *see* Pro Bono Counsel Ass'n Br. at 3, will not only harm Mr. Runyon and his ability to build an appropriate defense, but invites the defendant to raise serious challenges following the resolution of his *habeas* proceeding, potentially resulting in an enormous waste of court resources.

## II.    The Unwarranted Denial of PHV Applications Raises Constitutional Concerns.

The District Court's intent to deny PHV applications filed on Mr. Runyon's behalf also raises serious constitutional concerns under the Sixth Amendment. Underlying a defendant's "right to counsel" is a "presumption . . . that a defendant

8

may retain counsel *of choice*." Legal Information Institute, U.S. Const. Ann., Right to Choice of Counsel, Amdt. 6.7.2.2 (emphasis added);[9] *see Gonzalez-Lopez*, 548 U.S. at 147-48 (the right to choose one's counsel "has been regarded as the root meaning of the constitutional guarantee" under the Sixth Amendment). Mr. Runyon is not only entitled to be represented by counsel in his federal *habeas* proceedings— but he is generally entitled to be represented by his counsel *of choice*, even if he selects "an out-of-state lawyer" who would need to be "admitted *pro hac vice*." *United States v. Collins*, 920 F.2d 619, 626 (10th Cir. 1990) (Sixth Amendment extends to the right to be represented by counsel admitted PHV); *see also United States v. Ensign*, 491 F.3d 1109, 1114 (9th Cir. 2007) ("We have held that a defendant's right to counsel of his choice includes the right to have an out of-state lawyer admitted *pro hac vice*"); *Fuller v. Diesslin*, 868 F.2d 604, 607 (3d Cir. 1989) ("the right to counsel *pro hac vice* is encompassed analytically within the right to counsel of choice").

Of course, the "right to choose a particular attorney is not absolute," *United States v. Ries*, 100 F.3d 1469, 1471 (9th Cir. 1996), and courts have denied a defendant's request for particular representation in extreme scenarios. *See also Schlumberger Techs., Inc. v. Wiley*, 113 F.3d 1553, 1561 (11th Cir. 1997) (PHV

---

[9]    *Available at* https://www.law.cornell.edu/constitution-conan/amendment-6/right-of-choice-of-counsel#fn2amd6.

9

applications must be granted "[a]bsent a showing of unethical conduct rising to a level that would justify disbarment"). For instance, in *Wheat v. United States*, 486 U.S. 153 (1988), the Supreme Court upheld the lower court's decision to disallow representation where serious conflict-of-interest issues had been raised. *Id.* at 164 (denying representation by counsel who represented defendant's co-conspirators in drug enterprise). In doing so, the Court described other situations in which it might be appropriate to disallow representation, including where a defendant seeks to be represented by (1) an advocate who is not a member of any bar,[10] (2) an attorney the defendant cannot afford or who has already declined to take on the case, or (3) a lawyer who is compromised or conflicted due to ongoing or past relationships with the opposing party. *Id.* at 159. None of those scenarios (or any other extenuating circumstances) are present here.

### III.    The District Court's Order is Contrary to Public Policy.

Finally, the District Court's decision to deny complete *pro bono* assistance by attorneys admitted PHV is contrary to public policy and will benefit no one. The Court, the Government, and Mr. Runyon share a strong interest in ensuring that his defense team is not unnecessarily limited in their capacity to represent him. It is especially important that a criminal defendant not be refused representation by his

---

[10]    "Regardless of his persuasive powers, an advocate who is not a member of the bar may not represent clients (other than himself) in court." *Id.* at 159.

chosen counsel where, as here, the focus of the representation is to determine whether the defendant was permitted to exercise his fundamental right to effective assistance of counsel at the trial in which his death sentence was imposed.

The District Court's instruction that it would permit Covington to provide limited behind-the-scenes *pro bono* services to Mr. Runyon's existing counsel does not remedy these concerns. The idea that Covington could provide meaningful assistance under such an arrangement—while being barred from appearing in court, attending meet-and-confers, arguing motions, questioning witnesses, and participating in the upcoming evidentiary hearing[11]—is impracticable. Even if this were a feasible option, a district court simply has no place in dictating the logistical minutiae of a defendant's representation or the division of labor amongst his chosen attorneys, without any regard to the defendant's needs or the demands of the case. The District Court's unwarranted intervention into the makeup and strategies of Mr. Runyon's defense team is contrary to the interests of the public and our justice system, and is particularly troubling given the gravity of a capital *habeas* proceeding.

---

[11]  *See* Status Conf. Tr., ECF No. 819, 27:19-25, 28:1-2, 32:17-25, 33:1-9, 53:7-22.

## CONCLUSION

For the reasons set forth above and in Petitioner's motion, the relief sought should be granted.

Dated: July 17, 2023            Respectfully submitted,

/s/ John Gleeson
Hon. John Gleeson (Ret.)
DEBEVOISE & PLIMPTON LLP
66 Hudson Boulevard
New York, NY 10001
(212) 909-6000
jgleeson@debevoise.com

Megan McGuiggan
Joseph Ptomey
Bailey Crawford
DEBEVOISE & PLIMPTON LLP
801 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 383-8000
mmcguiggan@debevoise.com
jptomey@debevoise.com
bkcrawford@debevoise.com

12

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to <u>Federal Rules of Appellate Procedure 29(a)(4)</u> and 32(g)(1), I hereby certify that the foregoing Brief of Debevoise & Plimpton LLP complies with the type-volume limitations of <u>Federal Rules of Appellate Procedure 29(a)(5)</u>. According to the word count feature of Microsoft Word, the word-processing system used to prepare the brief, the brief contains 2,155 words.

I further certify that the foregoing brief complies with the typeface and type style requirements of <u>Federal Rule of Appellate Procedure 32(a)(5)</u> and (6) because it has been prepared in 14-point Times New Roman font, a proportionally spaced typeface.

Dated:  July 17, 2023                          /s/ John Gleeson
                                                John Gleeson

13

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2023, I electronically filed the foregoing document with the United States Court of Appeals for the Fourth Circuit by using the CM/ECF system.

I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the appellate CM/ECF system with the following exception. *Amici* George Kendall was served via email at george.kendall@squirepb.com.

/s/ John Gleeson
John Gleeson

14